IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEMETRIUS JENKINS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 23-1642 |
| | : | |
| **THE UNITED STATES OF AMERICA** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                 **July 21, 2023**

  Our grand jury charged Demetrius Jenkins with possessing a firearm as a felon. The United States, through its Assistant United States Attorney, is prosecuting the grand jury's Indictment set for trial before Judge Beetlestone in a few weeks. Mr. Jenkins now pro se sues the United States broadly challenging the merits of the prosecution without details. We granted him leave to proceed without paying the filing fees. Congress now requires we screen his allegations for merit before issuing summons. Mr. Jenkins cannot proceed on his claim because he cannot sue the United States for this claim and the Assistant United States Attorney is absolutely immune from liability based on her prosecutorial activities. We dismiss his sparsely pleaded claim consistent with Congress's screening mandate without prejudice to his counseled challenges to the Indictment in the ongoing prosecution or to later amend to bring claims not barred by immunity and otherwise supported by facts.

**I.     Alleged Facts**

  Demetrius Jenkins is a pre-trial detainee at the Federal Detention Center in Philadelphia. He is currently awaiting trial beginning August 7, 2023 on one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).[1] The Federal Defender is representing Mr. Jenkins. Judge Beetlestone set a date certain trial beginning August 7, 2023.

Mr. Jenkins then pro se filed a *Bivens* action against the United States.[2] Mr. Jenkins captioned his complaint before us in the same manner as the Indictment with the United States as the plaintiff suing him. He then, in less than one page, alleges the United States apparently through the Assistant United States Attorney prosecuting him "in the above matter," for "successive prosecutions with the state by collusion with the state to carry out a failed state prosecution;" insufficient evidence and lack of probable cause in violation of the Fourth Amendment; "prosecutorial vindictiveness, vindictive prosecution, malicious prosecution;" a constitutional challenge to the charge against him in the underlying criminal action against him, 18 U.S.C. § 922(g)(1); and a claim his "case being nolle [prosequi] hand over to the [sic] which are tactics between state and federal to sham prosecution" in violation of his Fifth and Fourteenth Amendment rights causing "hardship" to his health, including seizures.[3] We cannot determine the relief Mr. Jenkins seeks; he does not seek money damages and asks only to file the "Bivens to get relief through the prejudice tactics between state and federal" prosecutors.[4]

Mr. Jenkins applied to proceed *in forma pauperis* then captioning his action *Demetrius Jenkins v. A. Cruz*.[5] He does not identify "A. Cruz" or his/her/they position as a federal actor or his/her/their role in the alleged constitutional violations. The Assistant United States Attorney appearing on the docket in the criminal matter pending before Judge Beetlestone is Meghan Farley, not "A. Cruz."

We granted Mr. Jenkins's application to proceed *in forma pauperis*, ordered the Clerk to file his complaint, and directed the Clerk of the Court to hold summons subject to further Order after our screening of his Complaint.[6]

**II.     Analysis**

We granted Mr. Jenkins's application to proceed *in forma pauperis* requiring we screen his complaint. Congress requires we dismiss a claim we determine to be frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[7] When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B)(ii), we apply the same standard used under Federal Rule of Civil Procedure 12(b)(6).[8] We accept all fact allegations as true and construe those facts in the light most favorable to the plaintiff to determine whether he states a claim for relief plausible on its face.[9] We must be "mindful of our 'obligation to liberally construe a pro se litigant's pleadings …'"[10] We "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[11] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."[12]

Construing Mr. Jenkins's complaint liberally, we conclude he is attempting, at least in part, to raise a Fourth Amendment challenge to his arrest for lack of probable cause through a *Bivens* action against the United States through Assistant United States Attorney Farley. Mr. Jenkins styles his complaint as a *Bivens* action against the United States who is presently prosecuting the Indictment returned against him. The United States Supreme Court over fifty years ago in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* recognized an implied damages remedy for unreasonable search and seizure by federal agents under the Fourth Amendment.[13] The remedy created by the Court in *Bivens* is the federal equivalent to the remedies available against state actors for civil rights violations. The Court held, even absent statutory authorization, it would

enforce a money damages remedy to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable search and seizures.[14]

The Supreme Court in the years since *Bivens* severely limited its application and refused to expand the *Bivens* remedy calling it a "disfavored judicial activity."[15] Our Court of Appeals recently described the Supreme Court's view of *Bivens* as "a full stop and no farther."[16] A *Bivens*–type claim is recognized in only three contexts: (1) a violation of the Fourth Amendment under *Bivens* itself; (2) a Fifth Amendment sex discrimination in employment claim; and (3) a claim for inadequate medical care in prison under the Eighth Amendment's right to be free from cruel and unusual punishment.[17]

Mr. Jenkins does not and cannot state a claim under *Bivens* against the United States through the Assistant United States Attorney presently prosecuting the Indictment returned against him.

### A.  *Bivens* claims against the United States are barred by sovereign immunity.

Mr. Jenkins sues the United States through Assistant United States Attorney Farley for the prosecution of the charges against him. We do not know whether Mr. Jenkins sues Assistant United States Attorney Farley in her individual or official capacity, or both. If Mr. Jenkins intended to sue Assistant United States Attorney Farley in her official capacity as a federal government official, it constitutes an action against the United States.[18]

But sovereign immunity bars claims against Assistant United States Attorney Farley in her official capacity as the United States absent explicit waiver by Congress.[19] "An action against government officials in their official capacities constitutes an action against the United States [and is] barred by sovereign immunity, absent an explicit waiver."[20] *Bivens* does not waive sovereign immunity either for the United States or federal officers sued in their official capacities.[21]

In *Correctional Services Corporation v. Malesko*, the Supreme Court held an incarcerated person alleging a constitutional deprivation may bring a *Bivens* claim against an offending individual officer, subject to the defense of qualified immunity, but may not bring a *Bivens* claim against the officer's employer or the United States.[22]

Our Court of Appeals recently affirmed Judge Lanzillo's dismissal of *Bivens* claims brought against federal defendants including the United States Attorney and Assistant United States Attorney in the Western District of Pennsylvania.[23] Mr. Nobel alleged federal agents violated his constitutional rights by falsely arresting him and then pursued a fraudulent and malicious prosecution. Our Court of Appeals concluded Judge Lanzillo properly dismissed Mr. Noble's claims against the federal defendants in their official capacities as barred by sovereign immunity, absent waiver.[24] The United States has not waived its sovereign immunity for constitutional torts claimed to have been committed by its employees.[25]

Mr. Jenkins's claims against the United States or Assistant United States Attorney Farley in her official capacity are barred by sovereign immunity.

### B.  The Assistant United States Attorney is absolutely immune from these claims.

Mr. Jenkins's claims are additionally deficient because Assistant United States Attorney is absolutely immune from liability in her role as a prosecutor for the United States. Mr. Jenkins alleges the United States (who he later clarifies is the Assistant United States Attorney) violated his constitutional rights in "successive prosecutions" initiated in "collusion" with unnamed state officials to "carry out a failed state prosecution;" conducted a "sham prosecution," "vindictive prosecution" and "malicious prosecution," charged him with a violation of 18 U.S.C. § 922(g)(1) which he asserts is unconstitutional;[26] and is prosecuting him without sufficient evidence and probable cause. These claims derive from Assistant United States Attorney Farley's prosecution

5

of the still–pending Indictment against him set for trial beginning August 7, 2023 before Judge Beetlestone.

Construing Mr. Jenkins's complaint liberally, we conclude he is attempting, at least in part, to raise a Fourth Amendment challenge to his arrest for lack of probable cause through a *Bivens* action against Assistant United States Attorney Farley. But he cannot do so as Assistant United States Attorney Farley is immune from liability even assuming Mr. Jenkins asserts a Fourth Amendment claim recognized by *Bivens*.

Prosecutors are entitled to absolute immunity for acts "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and … presenting the State's case."[27] Immunity extends to a prosecutor's decision to initiate a prosecution, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," presenting evidence at trial, and appearing before a judge to present evidence.[28]

We are mindful the Supreme Court limits absolute prosecutorial immunity; that is, "it has not blanketed the actions of a prosecutor … merely because they are performed by a prosecutor."[29] We are directed to "focus upon the functional nature of the activities rather than [the prosecutor's] status" to determine whether there is absolute immunity. This is a factual inquiry.[30] But as currently pleaded, Mr. Jenkins appears to be challenging the Indictment and prosecution of the Indictment.

We are guided by Judge Pratter's dismissal of *Bivens* claims against two Assistant United States Attorneys in *Gedeon v. United States*.[31] Mr. Gedeon alleged the two Assistant United States Attorneys filed vexatious motions against him in his pending criminal case and charged him under a criminal statute they knew to be defective resulting in his prolonged pre-trial detention all in violation of his due process rights.[32] Judge Pratter construed the pro se Mr. Gedeon's complaint as

an attempt to raise Fourth Amendment claims and assumed for purposes of screening under section 1915(e)(2)(B) the claim can proceed under *Bivens*.[33] Judge Pratter reasoned Mr. Gedeon's challenges to the actions of the two Assistant United States Attorneys arose in their role as prosecutors for the United States' case against him and are absolutely immune from his claims.[34]

Judge McHugh faced similar issues in *Menard v. Mansi* leading him to dismiss a *Bivens* complaint against federal defendants including an Assistant United States Attorney.[35] Mr. Menard alleged two federal agents arrested him but showed him "no paperwork," unspecified defendants tried to defraud him, he received no medical treatment, and suffered mental anguish.[36] Judge McHugh granted Mr. Menard's motion to proceed *in forma pauperis* and screened the complaint under section 1915(e)(2)(B). Mr. Menard sued an Assistant United States Attorney but did not allege facts to support his claim. Judge McHugh construed the complaint against the Assistant United States Attorney as based on his actions as a prosecutor in the underlying criminal case. Judge McHugh dismissed the claim with prejudice reasoning the Assistant United States Attorney is entitled to absolute immunity for conduct taken as a prosecutor.[37]

Mr. Jenkins presents almost identical facts. Mr. Jenkins's complaint is essentially a litany of alleged constitutional violations without a single factual allegation. But we liberally construe his complaint as challenging the conduct of Assistant United States Attorney Farley in her role as a prosecutor in of the United States' case against him. Assistant United States Attorney Farley is absolutely immune for her actions as prosecutor in the underlying criminal case pending before Judge Beetlestone.

Even if a *Bivens* remedy is available for the claims asserted by Mr. Jenkins, his claims fails because Assistant United States Attorney Farley is immune from suit.[38] We dismiss his complaint.

7

**III. Conclusion**

The Assistant United States Attorney is absolutely immune from liability for conduct in prosecuting the United States' present case against Mr. Jenkins. We dismiss Mr. Jenkins's complaint seeking a *Bivens* remedy without prejudice to amend his complaint to allege claims against a non-immune state actor or claims for conduct taken outside the prosecutorial role of the lawyers in the criminal process.

---

[1] *United States v. Demetrius Jenkins*, No. 23-cr-88, ECF No. 8. On February 8, 2021, Philadelphia County Court of Common Pleas Judge Stephanie M. Sawyer sentenced Mr. Jenkins to eleven-and-a-half to twenty-three months of house arrest on two felony and one misdemeanor firearms offenses. *Commonwealth of Pennsylvania v. Jenkins*, No. CP-51-CR-0001248-2020. Mr. Jenkins's conviction precludes him from possessing a firearm under 18 U.S.C. § 922(g)(1). On November 23, 2022, Philadelphia police officers arrested Mr. Jenkins on an outstanding arrest warrant and found Mr. Jenkins in possession of, among other prohibited items, a loaded revolver.Our grand jury indicted Mr. Jenkins for violation of 18 U.S.C. § 922(g)(1). The Federal Defender represents Mr. Jenkins. Mr. Jenkins is scheduled to begin trial before Judge Beetlestone in his criminal case on August 7, 2023.

[2] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The Supreme Court in *Bivens* authorized a damages action against federal officials for alleged Fourth Amendment violations.

[3] ECF No. 1. Mr. Jenkins captioned his complaint *United States of America v. Demetrius Jenkins*, No. 23-mj-395. Case No. 23-mj-395 is the number assigned to the magistrate judge docket for Mr. Jenkins's arrest warrant on the complaint the United Stated filed against him.

[4] ECF No. 1. A *Bivens* remedy allows money damages. Mr. Jenkins seeks unidentified "relief" which appears to be an attack on the underlying felon in possession of a firearm charge pending before Judge Beetlestone. Mr. Jenkins requests the Clerk of the Court "to file *Bivens* action against the AUSA on the above matter …" *Id.* The Assistant United States Attorney appearing on the docket in the criminal matter pending before Judge Beetlestone is Meghan Farley.

[5] ECF No. 5.

[6] ECF No. 6.

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

---

[9] *Id.* (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)).

[10] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

[11] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[12] *Id.* (quoting *Mala*, 704 F.3d at 245).

[13] 403 U.S. 388 (1971). The case arose in the context of an unreasonable search and seizure of Mr. Bivens' home by agents of the Federal Bureau of Narcotics without a warrant and the use of unreasonable force in making the arrest on federal drug charges without probable cause. *Id.* at 389.

[14] *Ziglar v. Abbasi*, 582 U.S. 120, 130–31 (2017) (citing *Bivens*, 403 U.S. at 397). The Court recognized the Fourth Amendment does not provide for money damages "in so many words," but reasoned Congress did not "foreclos[e] a damages remedy in 'explicit' terms" and "no 'special factors' suggested the Judiciary should 'hesitat[e]' in the face of congressional silence" authorizing the Court to "authorize a remedy under general principles of federal jurisdiction." *Id.* at 131 (quoting *Bivens*, 403 U.S. at 392, 396, 397).

[15] *Ziglar,* 582 U.S. at 135 (citation omitted).

[16] *Xi v. Haugen*, 68 F.4th 824, 832 (3d Cir. 2023).

[17] *Id.*, 68 F.4th at 832–33.

[18] *Lewal v. Ali*, 829 F. App'x 515, 516 (3d Cir. 2008).

[19] *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

[20] *Lewal*, 289 F. App'x at 516.

[21] *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001).

[22] *Id.* at 71–72. In *Malesko*, the Court refused to extend a *Bivens* right of action for damages against Correctional Services Corporation, a private entity operating facilities housing federal prisoners and detainees, acting under color of federal law.

[23] *Noble v. United States*, 855 F. App'x 816 (3d Cir. 2021).

[24] *Id.*, 855 F. App'x at 820.

[25] *Id.* Our Court of Appeals further held prosecutorial immunity barred the claims against the United States Attorney and the United States Attorney for allegedly presenting "perjured

testimony" and the use of "false and fabricated and unlawfully obtained evidence" to obtain a search warrant then used to convince a grand jury to return an indictment and persuade a magistrate judge to deny bail. *Id.*

[26] Mr. Jenkins does not allege the basis of his constitutional challenge to 18 U.S.C. § 922(g)(1). Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term of one year … to …possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). We do not know if he makes a facial or as-applied challenge to section 922(g)(1). To the extent the basis of his claim against Assistant United States Attorney Farley is the decision to charge him with a violation of section 922(g)(1) in the underlying criminal action pending before Judge Beetlestone, we dismiss it with prejudice as the federal prosecutor is immune for his or her decision to initiate prosecution.

[27] *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding a state prosecutor entitled to absolute immunity from liability for conduct in prosecuting charges under 42 U.S.C. § 1983). Our Court of Appeals extended *Imbler* to federal prosecutors in *Bivens* actions. *Brawer v. Horowitz*, 535 F.3d 830, 834 (3d Cir. 1976).

[28] *Fogle v. Sokol*, 957 F.3d 148, 159–60 (3d Cir. 2020) (cleaned up).

[29] *Id.*

[30] *Id.* at 160.

[31] *Gedeon v. United States*, No. 23-1600, 2023 WL 3570942 (E.D. Pa. May 18, 2023).

[32] *Id.* at *1.

[33] *Id.* at *3.

[34] *Id.* at *4.

[35] *Menard v. Mansi*, No. 21-2130, 2021 WL 2156366, at *2 (E.D. Pa. May 27, 2021).

[36] *Id.* at *1.

[37] *Id.* at *2.

[38] *Imbler*, 424 U.S. at 430–31.